IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DIALECT, LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> BANK OF AMERICA, N.A., § <br> § <br> *Defendant*. § <br> § | CIVIL ACTION NO. 2:24-CV-00207-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Bank of America, N.A.'s ("Defendant") Motion to Dismiss Dialect, LLC's Amended Claims of Indirect and Willful Patent Infringement Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). (Dkt. No. 26.) Having considered the Motion and related briefing, the Court finds that it should be and hereby is **GRANTED-IN-PART and DENIED-IN-PART**.

**I.     BACKGROUND**

On March 22, 2024, Plaintiff Dialect, LLC ("Plaintiff") filed a patent infringement complaint against Defendant. (Dkt. No. 1.) The Complaint alleged infringement of five United States patents. (*Id.*) Defendant moved to dismiss Plaintiff's indirect and willful infringement claims under Rule 12(b)(6) on June 3, 2024. (Dkt. No. 20.) Plaintiff subsequently filed an Amended Complaint on June 17, 2024. (Dkt. No. 22.) The Amended Complaint alleged infringement of the same five United States Patents. (*Compare* Dkt. No. 1 *with* Dkt. No. 22.)

On July 1, 2024, Defendant filed the Motion. (Dkt. No. 26.) In the Motion, Defendant requests that the Court dismiss Plaintiff's willful, induced, and contributory infringement claims under Rule 12(b)(6). (*Id.* at 1-3.)

## II.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). In determining a motion to dismiss, "[t]he court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). To be legally sufficient, the complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Iqbal*, 556 U.S. at 678. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255-57.

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d

1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.*

### III.   ANALYSIS

#### A.   **Plaintiff Fails to State a Claim for Pre-Suit Willful and Indirect Infringement**

"To sufficiently plead pre-suit willful infringement, a plaintiff must plausibly allege that the defendant knew of an asserted patent before the plaintiff filed the lawsuit." *Signode Indus. Grp. LLC v. Samuel, Son & Co., Ltd. et al.*, 2:24-cv-00080-JRG, 2024 WL 3543408, *2 (E.D. Tex. July 25, 2024); *see also Touchstream Techs., Inc. v. Altice USA*, 2:23-cv-00060-JRG, 2024 WL 1117930, at *2-3 (E.D. Tex. Mar. 14, 2024). Induced infringement under Section 271(b) requires knowledge of the existence of the patent that is infringed. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 640 (2015) (liability under Section 271(b) "can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement'") (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)). Contributory infringement requires the same "knowledge of the patent in suit and knowledge of patent infringement" as for induced infringement. *Commil*, 575 U.S. at 639 (citation omitted).

Defendant argues that the Amended Complaint fails to plead any facts that could show that Defendant had pre-suit knowledge of the asserted patents. (*Id.*) First, Defendant argues that Plaintiff's citation to a 2016 discussion between Defendant and VoiceBox Technologies ("VoiceBox")[1] is insufficient because VoiceBox did not own the asserted patents at the time of the discussion. (*Id.* at 9.) Second, Defendant argues that Plaintiff's citation to a VoiceBox presentation referencing VoiceBox's patent portfolio, with no reference to any asserted patent, is insufficient to establish pre-suit knowledge. (*Id.*) Third, Defendant asserts that Plaintiff's reference to one of

---

[1] VoiceBox is the inventor and former owner of the asserted patents. (Dkt. No. 1 ¶ 1; Dkt. No. 26 at 1, 3-4.)

3

Defendant's patent applications that cites a VoiceBox patent publication fails as a matter of law. (*Id.*) Specifically, Defendant argues that the VoiceBox patent publication did not issue as any of the asserted patents. (*Id.*) Defendant contends that while three of the asserted patents claim priority to the VoiceBox patent publication, this is insufficient to show pre-suit knowledge. (*Id.*) Finally, Defendant argues that Plaintiff's reference to its counsel's pre-suit letter is also insufficient to establish pre-suit knowledge because the letter did not identify Plaintiff, identify any of the asserted patents, or allege infringement. (*Id.* at 10.)

Plaintiff responds that the Amended Complaint contains at least three bases to establish Defendant's pre-suit knowledge of the asserted patents. (Dkt. No. 27 at 4.) First, Plaintiff asserts that one of Defendant's patent applications references a patent application that is a parent to three of the asserted patents. (*Id.*) Second, Plaintiff states that VoiceBox met with Defendant and "informed [Defendant] about these patents." (*Id.*) Specifically, Plaintiff contends that a 2016 VoiceBox presentation "referenced patents covering [VoiceBox's] NLU technology."[2] (*Id.*) Finally, Plaintiff argues that Defendant was willfully blind and deliberately chose to create infringing products. (*Id.* at 5.) Plaintiff further contends that the 2016 VoiceBox presentation that references that VoiceBox's NLU technology was patented shows that Defendant was willfully blind to the asserted patents. (*Id.* at 5-6.) Plaintiff also argues that its counsel's pre-suit letter, "coupled with the fact that [Defendant's] customer-facing materials reflect its use of [Plaintiff's] patent technology," supports an inference that Defendant knew or should have known about the asserted patents. (*Id.* at 6.)

Defendant's reply reiterates its prior arguments that Plaintiff does not allege pre-suit knowledge of the asserted patents. (Dkt. No. 38 at 1.) In addition, Defendants argued that Plaintiff

---

[2] "NLU" refers to natural language understanding. (Dkt. No. 1 ¶ 1.)

does not plausibly plead willful blindness. (*Id.*) Specifically, Defendant asserts that Plaintiff fails to allege that Defendant subjectively believed that there is a high probability that the asserted patents existed and took deliberate actions to avoid learning of the asserted patents. (*Id.*) Plaintiff did not file a sur-reply.

The Court agrees with Defendant. Plaintiff has failed to plead facts plausibly showing that Defendant knew of the asserted patents prior to this lawsuit. Plaintiff makes several arguments that it sufficiently pled pre-suit knowledge. However, the Court finds that the evidence Plaintiff relies on is insufficient to establish pre-suit knowledge of the asserted patents. Plaintiff's argument that Defendant knew of a related patent application does not plausibly show that Defendant knew of the asserted patents. *See Touchstream*, 2024 WL 1117930, at *2 (finding that knowledge of a patent application in the same family as the asserted patents "cannot support knowledge of the Asserted Patents"); *see also Signode*, 2024 WL 3543408, at *2-4.

Plaintiff's argument that Defendant learned of the asserted patents when it met with the asserted patents' **prior owner** is also insufficient. The Amended Complaint identifies a presentation slide that discusses VoiceBox's—who did not then own the asserted patents—patent portfolio generally and does not refer to or identify the asserted patents. (Dkt. No. 22 ¶ 59.) "Multiple district courts, post-*Halo*, have held that general knowledge of a patent portfolio without more is insufficient even to plausibly allege knowledge of a particular asserted patent." *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod.*, Inc., 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021) (cleaned up). Therefore, general knowledge of the asserted patents' prior owner's patent portfolio is insufficient to plausible allege pre-suit knowledge of the asserted patents.

Also, Plaintiff's pre-suit letter is insufficient to establish pre-suit knowledge. Plaintiff's pre-suit letter did not identify the asserted patents, did not identify the asserted patents' owner, and

did not claim or allege that Defendant was infringing. (*See* Dkt. No. 26-4.) Therefore, Plaintiff's pre-suit letter is insufficient to plausibly allege pre-suit knowledge. *See Bench Walk Lighting LLC v. LG Innotek Co., Ltd.*, 2021 WL 65071, at *11-12 (D. Del. 2021), *report and recommendation adopted*, 2021 WL 1226427, at *4 (D. Del. Mar. 31, 2021) (finding that the patentee's alleged notice letter was insufficient where it did not identify all the asserted patents, did not identify most of the accused products, and did not identify any information as to how the asserted patents were allegedly infringed).

Finally, regarding Plaintiff's argument that Defendant was willfully blind, the Amended Complaint does not sufficiently plead pre-suit willful blindness. To plead willful blindness, a plaintiff must plausibly plead that the defendant (1) subjectively believed that there is a high probability that a fact exists and (2) took deliberate action to avoid learning of that fact. *Global-Tech*, 563 U.S. at 768. As Defendant correctly explains, the Amended Complaint fails to allege that Defendant subjectively believed that there is a high probability that the asserted patents existed and took deliberate actions to avoid learning of the asserted patents. The absence of such an allegation is dispositive. *Signode*, 2024 WL 3543408, at *4 (finding the absence of an allegation that the defendants took deliberate actions to avoid learning of the asserted patents dispositive at the motion to dismiss stage).

Accordingly, under these specific facts, the Court finds that Plaintiff fails to state a claim for pre-suit willful, induced, and contributory infringement. These theories each require a level of knowledge that is not present in an allegation of direct infringement. Without the actual knowledge that the complaint provides, these theories rely upon a plausible, constructive showing that there existed a level of knowledge and understanding adequate to cause a reasonable person to question their continued use of the plaintiff's invention. While each case has unique facts, such a level of

knowledge and understanding is required. Here, such is missing. This absence warrants the relief Defendant seeks as to Plaintiff's pre-suit claims for induced, contributory, and willful infringement.

### B.    Plaintiff Sufficiently States a Claim for Post-Suit Willful Infringement

Defendant argues that the Amended Complaint fails to support post-suit willfulness because Plaintiff "fails to show any connection between the [accused] functionality and multiple claim elements—let alone an intentional connection." (Dkt. No. 26 at 10-11.) Defendant asserts that Plaintiff's generic "upon information and belief" allegations cannot support a post-suit willfulness allegation. (*Id.* at 11.)

Plaintiff responds that the Amended Complaint alleges infringement of the same asserted patents as the original Complaint and, thus, Defendant cannot credibly argue it did not have knowledge of the asserted patents based on the filing of the Complaint. (Dkt. No. 27 at 7.) Further, Plaintiff argues that the Amended Complaint provides detailed infringement allegations concerning the claim limitation Defendant raises issues with. (*Id.*)

Defendant's reply reiterates its prior arguments that Plaintiff does not allege facts supporting post-suit willful infringement. (Dkt. No. 38 at 1.) Defendant also argued that Plaintiff alleges no facts suggesting culpability by Defendant. (*Id.* at 2.) Plaintiff did not file a sur-reply.

The Court finds that the Amended Complaint sufficiently alleges post-suit willful infringement. As this Court has repeatedly recognized, "allegations that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint are sufficient to at least state a claim for post-suit willful infringement." *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, 2:21-cv-00172-JRG, 2022 WL 610796, at *6 (E.D. Tex. Jan. 24, 2022); *Touchstream*, 2024 WL 1117930, at *3; *see also NXP USA Inc. v. MediaTek Inc.*, 2:21-cv-00318-JRG, 2022 WL

7

799071, at *4 (E.D. Tex. Mar. 15, 2022). Here, Plaintiff alleges that "Defendant's infringement of the [asserted patents] has been and continues to be deliberate, intentional, and willful." (Dkt. No. 1 ¶¶ 96, 132, 165, 197, 227.)

Defendant relies heavily on *Fractus, S.A. v. TCL Corp.*, 2:20-cv-00097-JRG, 2021 WL 2483155 (E.D. Tex. June 2, 2021) for its argument that the Court should dismiss Plaintiff's post-suit willfulness claims because Plaintiff alleges no facts suggesting culpable conduct. (Dkt. No. 26, 8, 11; Dkt. No. 38 at 2.) However, that decision predates this Court's decisions rejecting arguments that the plaintiff must allege facts raising a plausible inference of egregious or culpable conduct at the 12(b)(6) stage. *See Arigna Tech.*, 2022 WL 610796, at *6; *Touchstream*, 2024 WL 1117930, at *3 (same); *NXP USA*, 2022 WL 799071, at *4 (same).

Accordingly, the Court finds that Plaintiff sufficiently states a claim for post-suit willful infringement.

        **C.**     **Plaintiff Sufficiently States a Claim for Post-Suit Induced Infringement**

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil*, 575 U.S. at 639 (quoting *Global-Tech*, 563 U.S. at 766). The intent necessary for a claim of "[i]nducement can be found where there is [e]vidence of active steps taken to encourage direct infringement." *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019) (quoting *Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1129). "These 'active steps' can include 'advertising an infringing use,' 'instructing how to engage in an infringing use,' and assisting in performing an infringing use." *Motiva Pats., LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 828 (E.D. Tex. 2019) (quoting *Barry*, 914 F.3d at 1334).

Defendant argues that Plaintiff "does not plead any facts showing that [Defendant] had specific intent to induce any third party to infringe the asserted patents." (Dkt. No. 26 at 11-12.) Defendant asserts that Plaintiff fails to show specific intent to infringe to support its post-suit inducement claims and merely cites Defendant's instruction for using the accused product. (*Id.* at 12-13.) Specifically, Defendant argues that Plaintiff "does not make any attempt to explain or plead facts showing *how* the instructions possibly show [Defendant] allegedly has specific intent to encourage infringement." (*Id.* at 13 (emphasis in original).)

Plaintiff responds that Defendant's marketing materials show Defendant's intent to induce infringement. (Dkt. No. 27 at 9.) Alternatively, Plaintiff argues that Defendant was willfully blind to the fact the accused product infringes the asserted patents. (*Id.* at 10.)

The Court finds that the Amended Complaint sufficiently alleges post-suit induced infringement. Plaintiff's allegations go beyond merely alleging that Defendant provides instructions for using the accused product. The Amended Complaint alleges that Defendant continues to actively encourage and instruct its customers to use the accused product in ways that directly infringe the asserted patents. (Dkt. No. 1 ¶¶ 86-91, 124-27, 157-60, 189-92, 219-22 (identifying examples of online instructions).) The Amended Complaint further provides for how such infringing use occurs when Defendant's customers use the accused product. (*See id.*) For example, the Amended Complaint includes images demonstrating that Defendant instructs its customers to use the accused product in an allegedly infringing manner. (*See id.*) "'[A]ctive steps' include 'advertising an infringing use,' 'instructing how to engage in an infringing use,' and assisting in performing an infringing use" are sufficient to establish the intent necessary for an inducement claim. *Motiva Pats*, 408 F. Supp. 3d at 828 (quoting *Barry*, 914 F.3d at 1334). Therefore, the Amended Complaint sufficiently pleads the intent required to support a claim of

induced infringement at the pleading stage.

Accordingly, the Court finds that Plaintiff sufficiently states a claim for post-suit induced infringement.

### D. Plaintiff Sufficiently States a Claim for Post-Suit Contributory Infringement

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (citing 35 U.S.C. § 271(c)). To state a claim for contributory infringement, "a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing use." *Motiva Pats.*, 408 F. Supp. 3d at 829.

Defendant argues that Plaintiff's post-suit contributory infringement claims fail because Plaintiff's conclusory allegations do not show how or why the accused products are "especially made or especially adapted" to infringe the asserted patents. (Dkt. No. 26 at 14-15.) Defendant argues that the Amended Complaint shows that the accused product is not especially made or adapted to infringe. (*Id.*)

Plaintiff responds that it has sufficiently pled post-suit contributory infringement. (Dkt. No. 27 at 11-14.) Plaintiff argues that it has plausibly alleged that Defendant utilizes the accused product to infringe the asserted patents, demonstrates how the accused product infringes the asserted patents, and alleges that the accused product has no substantial non-infringing uses. (*Id.*)

Defendant's reply reiterates its prior arguments that Plaintiff does not allege facts supporting contributory infringement. (Dkt. No. 38 at 1.) In addition, Defendant argues that

Plaintiff failed to plead that Defendant's products are not suitable for substantial non-infringing uses. (*Id.* at 4.) Defendant argues that the Amended Complaint and asserted patents are contradictory, showing that the accused product can be used in a non-infringing way. (*Id.*) Plaintiff did not file a sur-reply.

The Court finds that Plaintiff has adequately pled facts that, if taken as true, state a claim for post-suit contributory infringement. The Amended Complaint alleges that "Defendant knows and has known the same to be especially made or especially adapted for use in an infringement of the '160 Patent, and such components are not a staple article or commodity of commerce suitable for substantial non- infringing use." (Dkt. No. 1 ¶ 92; *see also* Dkt. No. 1 ¶¶ 128, 161, 193, 223.) The Amended Complaint also alleges that the accused product "is not a staple article and is not a commodity of commerce suitable for substantial non-infringing use, at least because the [accused] system is 'exclusively available in Bank of America's Mobile Banking app,' and the Mobile Banking app infringes at least Claim 12 of the '160 Patent." (*Id.* ¶ 92; *see also id.* ¶¶ 128, 161, 193, 223.) The Amended Complaint further alleges that the accused product "is especially made or especially adapted for use in an infringement of the '160 Patent, because it is designed to receive and interpret natural language utterances in a manner claimed by the '160 Patent, and it is not capable of substantial non-infringing use." (*Id.* ¶ 92; *see also id.* ¶¶ 128, 161, 193, 223.)

This Court must presume that these allegations are true at the pleading stage. Such allegations are sufficient to allege that the accused product has no substantial non-infringing uses and "raise[s] a reasonable expectation that discovery will reveal" that Defendant is liable for the misconduct alleged. *See Uniloc USA, Inc. v. Motorola Mobility LLC*, 2017 WL 3721064, at *5 (E.D. Tex. May 15, 2017) (citing *Twombly*, 550 U.S. at 556).

Accordingly, the Court finds that Plaintiff sufficiently states a claim for post-suit

contributory infringement.

**IV.   CONCLUSION**

For the reasons stated above, the Motion (Dkt. No. 26) is **GRANTED-IN-PART and DENIED-IN-PART**. The Motion is **GRANTED** with respect to pre-suit willful, induced, and contributory infringement. The Motion is **DENIED** with respect to post-suit willful, induced, and contributory infringement.

Accordingly, Plaintiff's claims for pre-suit willful, induced, and contributory infringement against Defendant are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is permitted leave during the ensuing fourteen (14) days from the issuance of this Order to amend its pre-suit willful, induced, and contributory infringement allegations through the filing of an amended complaint. Failure to amend within fourteen days, or any period extended by the Court, shall constitute a substantive waiver and abandonment of such pre-suit willful, induced, and contributory infringement claims by Plaintiff.

**So ORDERED and SIGNED this 3rd day of December, 2024.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE